SEYMOUR, Circuit Judge,
concurring.
I agree with the majority that we must affirm the judgment of the district court. I write separately because I disagree with the majority’s conclusion that there was no Sixth Amendment violation with respect to Mr. Buonocore’s sentencing. In my view, the district court violated Mr. Buonocore’s Sixth Amendment rights by mandatorily imposing a sentence based upon the quantity of ephedrine and pseudoephedrine it found by a preponderance of the evidence. See United States v. Booker, — U.S. —, —, 125 S.Ct. 738, 749, 160 L.Ed.2d 621 (2005) (noting that defendant’s Sixth Amendment right to have a jury find any fact essential to punishment “is implicated whenever a judge seeks to impose a sentence that is not solely based on facts reflected in the jury verdict or admitted by the defendant”) (internal quotations omitted).
Mr. Buonocore was convicted by a jury of one count of selling ephedrine and one count of selling pseudoephedrine having reasonable cause to believe that those chemicals would be used to manufacture methamphetamine in violation of 21 U.S.C. § 841(c)(2). Because the indictment did not allege the weight or purity of the precursor chemicals, those factual questions were neither presented to the jury nor found beyond a reasonable doubt.
The presentence report (PSR) calculated Mr. Buonocore’s offense level at 30, reflecting a drug quantity of 36.5 grams of ephedrine and 43.2 grams of pseudoephed-rine. See U.S.S.G. § 2D1.11. Due to a total offense level of 30 and a criminal history category of I, Mr. Buonocore’s applicable guideline range was 97 to 121 months. See id. at Ch. 5 Pt. A. The government objected to the PSR on the basis that “2625 grams of Ephedrine seized from [Buonocore’s] home business during a search warrant after the charged offense” was not included in the drug *1137 quantity calculation as relevant conduct. Aple. SuppApp. at 3. Mr. Buonocore did not object to the PSR. At sentencing, the district court rejected the government’s drug quantity argument because Mr. Buo-nocore legally sold a large quantity of ephedrine and there was no evidence of unlawful intent with respect to the 2625 grams. The court then sentenced Mr. Buonocore at the low end of the guidelines range, to 97 months imprisonment. Aple. Supp.App. at 19. ■
Mr. Buonocore contends the district court violated his Sixth Amendment rights by imposing a mandatory sentence based upon the judge-found quantity of ephedrine and pseudoephedrine involved in his offense. The majority holds that the district court did not commit constitutional error because the “Defendant admitted unlawfully distributing those specific amounts during his sentencing.” Maj. op. at 1134. In relevant part, the opinion states:
[Djefense counsel, at sentencing, affirmatively asserted that the district court should only base Defendant’s sentence on the amount of controlled substances already included in the presentence report’s calculations: “I still believe that the calculations in the guidelines provided by the probation department are in fact correct, and we object to any attempt to include [other] amounts.” (Aple. Supp.App. at 6.) Defense counsel further asserted that “the presentence report preparers are exactly correct. [Defendant] ought to be punished for what he did. He’s been convicted of it.” (Id. at 12.).... Because Defendant admitted unlawfully distributing those amounts, the district court did not violate the Sixth Amendment when the court used those amounts to calculate Defendant’s sentence. See United States v. Shelton, 400 F.3d 1325, 1330 (11th Cir.2005).
Id. at 1134. Thus, according to the majority, comments made by defense counsel in the course of a sentencing hearing constitute admissions by the defendant resulting in a waiver of his Sixth Amendment rights. Because the constitutional requirements for a valid waiver, the Federal Rules of Criminal Procedure, and this court’s precedent weigh against allowing defense counsel’s admission of facts for sentencing purposes to constitute an adequate waiver of a defendant’s constitutional rights, I cannot agree.
A factual admission by a defendant that the government can prove drug quantity by a preponderance of the evidence, without more, simply does not fulfill the requirements of a voluntary and knowing waiver of the defendant’s Sixth Amendment .Apprendi rights.[1] Cf. Bousley v. United States, 523 U.S. 614, 618, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998) (“A plea of guilty is constitutionally valid only to the extent it is ‘voluntary’ and ‘intelligent.’ ”); Johnson v. Zerbst, 304 U.S. 458, 464-65, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). For nearly 70 years Johnson has provided that “ ‘courts indulge every reasonable pre *1138 sumption against waiver’ of fundamental constitutional rights and that we ‘do not presume acquiescence in the loss of fundamental rights.’ A waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege.” Id. at 464, 58 S.Ct. 1019 (citations omitted). Indeed, the Supreme Court recently reiterated this point and distinguished waiver from mere forfeiture:
Waiver is different from forfeiture. Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the “intentional relinquishment or abandonment of a known right” .... Although in theory it could be argued that “[i]f the question was not presented to the trial court no error was committed by the trial court, hence there is nothing to review” ... this is not the theory that Rule 52(b) adopts. If a legal rule was violated during the district court proceedings, and if the defendant did not waive the rule, then there has been an “error” within the meaning of Rule 52(b) despite the absence of a timely objection.
United States v. Olano, 507 U.S. 725, 733-34, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (internal citations omitted). The Court’s example of a valid “waiver” was “a defendant who knowingly and voluntarily pleads guilty in conformity with the requirements of Rule 11.” Id. at 733, 113 S.Ct. 1770. Thus, it is difficult to understand how the majority can hold that a defendant’s simple admission of facts not included in his guilty plea can serve as a knowing and voluntary waiver of the constitutional right to trial by jury and a finding of those facts beyond a reasonable doubt, which then allows a court to increase the relevant statutory maximum sentence pursuant to Booker.
The Supreme Court has clearly held that “ ‘[presuming waiver from a silent record is impermissible.’ ” Boykin v. Alabama, 395 U.S. 238, 242, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) (quoting Carnley v. Cochran, 369 U.S. 506, 516, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962)). A simple admission does not “speak” to whether the person has knowingly and voluntarily waived his constitutional rights. Cf. Boykin, 395 U.S. at 242-43, 89 S.Ct. 1709. This is all the more true when the admission was by defense counsel, was arguably made strategically to avoid the government’s assertion of a larger drug quantity, and was made before defendant or counsel was aware of the Sixth Amendment rights established in Booker.
“[Bjecause a guilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts.” McCarthy v. United States, 394 U.S. 459, 466, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969); see also United States v. Broce, 488 U.S. 563, 570, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989). The trial “judge must determine ‘that the conduct which the defendant admits constitutes the offense charged in the indictment or information or an offense included therein to which the defendant has pleaded guilty.’ ” McCarthy, 394 U.S. at 467, 89 S.Ct. 1166 (quoting Fed. R.CRIM.P. 11, Notes of Advisory Committee on Criminal Rules (1966)); see Libretti v. United States, 516 U.S. 29, 38, 116 S.Ct. 356, 133 L.Ed.2d 271 (1995); Boykin, 395 U.S. at 242-43, 89 S.Ct. 1709. A “plea of guilty is more than an admission of conduct; it is a conviction.” Id. at 242, 89 S.Ct. 1709 (emphasis added) (citing Woodard v. State, 42 Ala.App. 552, 171 So.2d 462, 469 (Ala.1965)).
Accordingly, absent a sufficient waiver, we should not treat a defendant’s (and *1139 particularly defense counsel’s) admission of facts at sentencing like the “admission” of facts required to be proven beyond a reasonable doubt referred to in Booker, 125 S.Ct. at 756. Cf. Boykin, 395 U.S. at 242-43, 89 S.Ct. 1709; McCarthy, 394 U.S. at 466, 89 S.Ct. 1166. In the circumstances here, defendant was not aware of his rights to a jury trial and proof beyond a reasonable doubt with regard to the facts that increased the relevant statutory maximum sentence attributable to his conduct. Cf. Johnson, 304 U.S. at 465-67, 58 S.Ct. 1019. Nor, unlike the defendants in United States v. Hahn, 359 F.3d 1315, 1317 (10th Cir.2004), and United States v. Green, 405 F.3d 1180, 1189 (10th Cir.2005), was he intending a general waiver of constitutional rights. See United States v. Bass, 411 F.3d 1198, 1204 n. 7 (10th Cir.2005).
Rule 11(b) clearly outlines the proper method for receiving a defendant’s waiver of rights during a guilty plea. Fed. R.CRIM.P. 11(b). The rule includes a plethora of constitutional and statutory rights that a sentencing court must address. Id. As a matter of practice, no federal judge would take a guilty plea based solely on a defendant’s factual admissions, McCarthy, 394 U.S. at 463-64, 89 S.Ct. 1166, because a mere 'admission of facts is insufficient. See Fed.R.CRIm.P. 11(b); cf. Johnson, 304 U.S. at 465, 58 S.Ct. 1019. Before taking a plea, and by conducting a colloquy pursuant to Rule 11(b), sentencing judges ensure that a defendant knows and understands his constitutional and statutory rights, and knowingly and voluntarily waives such rights. See Fed.R.CRIm.P. 11(b). The fact that Rule 11(b) requires a sentencing court to personally address the defendant and ensure he knows what rights are being waived and that the waiver is voluntary underscores that an admission of facts by defense counsel cannot be used against a defendant to increase the relevant statutory maximum sentence.
One more point is worthy of discussion. The majority cites only one case to support its position that defense counsel commentary at sentencing constitutes an admission and, thus, a waiver of a defendant’s Sixth Amendment rights. See maj. op. at 1134 (citing United States v. Shelton, 400 F.3d 1325, 1330 (11th Cir.2005)). In Shelton, the defendant contended the district court erred when it enhanced his sentence based on a judicial fact-finding of drug quantity. Id. at 1329. The Eleventh Circuit held that Shelton suffered no Sixth Amendment error because he “admitted to part of [his] drug quantity in his plea colloquy and to the rest ... at sentencing.” Id. at 1330. He also failed to object to the factual statements about his relevant conduct in the PSR. Id.
Shelton’s holding addressing factual admissions made by a defendant under oath at a plea colloquy is inapposite. . For reasons detailed above, admissions provided during a plea colloquy conducted pursuant to constitutional and Rule 11 safeguards are easily distinguishable from simple admissions made by a defendant or his defense counsel at sentencing. With respect to Shelton’s holding that the failure to object to facts asserted in the PSR constitutes waiver, this court has rejected that rule. Indeed, the panel’s reliance on Shelton’s failure to object rule is completely contrary to our decisions in United States v. Dowlin, 408 F.3d 647, 670 & n. 10 (10th Cir.2005) (failure to object to relevant loss amount as stated in PSR and failure to object to district court’s fact findings as to loss amount does not waive constitutional Booker error), and Bass, 411 F.3d at 1204 n. 7, which expressly holds that failure to *1140 object to the PSR does not constitute waiver of a defendant’s Sixth Amendment rights:
Prior to Booker, we regularly held that the “[fjailure to object to a fact in a presentence report, or failure to object at the [sentencing] hearing, acts as an admission of fact.” United States v. Deninno, 29 F.3d 572, 580 (10th Cir.1994). Whatever the remaining validity of this precedent may be, we are unwilling to conclude that Bass’ failure to object operated as an “admission of fact” for purposes of the rights announced in Booker. In other words, we are unwilling to say that Bass’ failure to object resulted in a waiver of the Sixth Amendment requirement to “prove[ ] to a jury beyond a reasonable doubt” that he was involved in trafficking of child pornography. Booker, 125 S.Ct. at 756. See generally United States v. Olano, 507 U.S. 725, 733, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (noting that a waiver involves the intentional relinquishment of a known right); Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938) (noting that, in order for a waiver to be valid, the party who “waives” must have some degree of personal awareness of what is being relinquished, and the relinquishment must be a matter of personal choice). In reaching this conclusion, we emphasize that this case is distinguishable from United States v. Green, 405 F.3d 1180 (10th Cir.2005), and United States v. Hahn, 359 F.3d 1315 (10th Cir.2004), where we held that the decisions in Booker and Blakely did not render unknowing or involuntary the defendants’ prior voluntary waivers of their appellate rights. More specifically, defendant Bass simply failed to object to a factual allegation in a presentence report, whereas the defendants in Green and Hahn, as part of their respective plea agreements, signaled their intent generally to waive their constitutional rights, including the right to appeal their sentences.

Id.

For the aforementioned reasons, it is my view that other than the fact of a prior conviction, a defendant’s (and surely a defense counsel’s) admission of facts outside the guilty plea context or outside the context of a formal stipulation cannot function as a waiver of his Sixth Amendment rights and does not permit an increase in the relevant statutory maximum sentence within the meaning of Booker. The Supreme Court said as much in both Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004):
... nothing prevents a defendant from waiving his Apprendi rights. When a defendant pleads guilty, the State is free to seek judicial sentence enhancements so long as the defendant either stipulates to the relevant facts or consents to judicial factfinding. See Apprendi, 530 U.S. at 488, 120 S.Ct. 2348; Duncan v. Louisiana, 391 U.S. 145, 158, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968). If appropriate waivers are procured, States may continue to offer judicial factfinding as a matter of course to all defendants who plead guilty. Even a defendant who stands trial may consent to judicial fact-finding as to sentence enhancements.
Blakely, 124 S.Ct. at 2541. Indeed, in explaining its decision in Almendarez-Torres v. United States, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which excepts prior convictions from the rule of Apprendi, the Court stated:
Because Almendarez-Torres had admitted the three earlier convictions for ag *1141 gravated felonies — all of which had been entered pursuant to proceedings with substantial procedural safeguards of their own — no question concerning the right to a jury trial or the standard of proof that would apply to a contested issue of fact was before the Court.
Apprendi, 530 U.S. at 488, 120 S.Ct. 2348 (emphasis in original).
The Court has made it clear that a defendant’s simple admissions proffered in the absence of “proceedings with substantial procedural safeguards” may constitute evidence, even overwhelming evidence, in support of a sentencing enhancement, but they do not constitute an “admission” for Booker purposes. Where a defendant suffers a Sixth Amendment error but he has admitted facts that overwhelmingly support a particular enhancement, he will surely lose under the fourth prong of our traditional plain error analysis. United States v. Cotton, 535 U.S. 625, 634, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002) (suggesting that correcting plain error when confronted with overwhelming evidence of guilt would harm rather than further fairness and integrity of judicial system); see also Dowlin, 408 F.3d at 672 (declining to correct Sixth Amendment Booker error under fourth prong of plain error analysis where defendant did not object to facts on which her sentence was enhanced, record contained ample evidence supporting sentence imposed, and she did not identify mitigating evidence district court did not consider at sentencing which might justify lower sentence). In my judgment, however, there is no reason to hold a defendant has waived his constitutional rights by admitting, outside the context of a formal guilty plea, sentencing facts that were required only to be proved by a preponderance of the evidence, facts we now know constitute elements of the crime which will increase the relevant statutory maximum sentence and must therefore be proved beyond a reasonable doubt. This is even more the case where, as here, it was defense counsel’s admissions that triggered the enhancement.
As previously noted, because Mr. Buo-nocore did not raise his Sixth Amendment argument in the district court, I would review his claim for plain error. Fed. R.CrimP. 52(b); see also United States v. Dazey, 403 F.3d 1147, 1174 (10th Cir.2005). To establish plain error, Mr. Buonocore must demonstrate there was (1) error (2) that is plain and (3) that affected his substantial rights. United States v. Cotton, 535 U.S. 625, 631, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002); United States v. Gonzalez-Huerta, 403 F.3d 727, 732 (10th Cir.2005). If he satisfies his burden of establishing the first three prongs of the plain error test, we may exercise our discretion to correct the error if it “seriously affected] the fairness, integrity or public reputation of the judicial proceedings.” Johnson v. United States, 520 U.S. 461, 469-70, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997) (quoting United States v. Olano, 507 U.S. 725, 736, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)); Gonzalez-Huerta, 403 F.3d at 732. We conduct plain error analysis “less rigidly when reviewing a potential constitutional error.” Dazey, 403 F.3d at 1174 (quoting United States v. James, 257 F.3d 1173, 1182 (10th Cir.2001)).
It is well established that constitutional Booker error satisfies the first two criteria for plain error review. I turn, then, to the third and fourth. An error that violates a defendant’s substantial rights “must have been prejudicial: It must have affected the outcome of the district court proceedings.” United States v. Olano, 507 U.S. 725, 734, *1142 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). Mr. Buonoeore bears the burden of establishing prejudice because he failed to raise the issue below. Gonzalez-Huerta, 403 F.3d at 733. He must show “a reasonable probability that, but for [the error], the result - of the proceeding would have been different.” United States v. Dominguez Benitez, 542 U.S. 74, 124 S.Ct. 2333, 2339, 159 L.Ed.2d 157 (2004).
In a case involving constitutional Booker error, we have held that a defendant may satisfy his burden under the third prong in at least two ways:
First, if the defendant shows a reasonable probability that a jury applying a reasonable doubt standard would not have found the same material facts that a judge found by a preponderance of the evidence, then the defendant successfully demonstrates that the error below affected his substantial rights.... Second, a defendant may show that the district court’s error affected his substantial rights by demonstrating a reasonable probability that, under the specific facts of his case as analyzed under the sentencing factors of 18 U.S.C. § 3553(a), the district court judge would reasonably impose a sentence outside the Guideline range.
Dazey, 403 F.3d at 1175 (footnote omitted). Before the district court, Mr. Buo-nocore did not introduce any affirmative evidence which would have supported either of these contentions. Indeed, at sentencing,' his predominant argument was that the district court should only base his sentence on the amount of controlled substances already included in the pre-sentence report’s calculations. Defense counsel stated, “I still believe that the calculations in the guidelines provided by the probation department are in fact correct, and we object to ■ any attempt to include [other] amounts.... ” Aple. Supp. App. at 6. He further conceded that “the presentence preparers are exactly correct. [Defendant] ought to be punished for that which he did. He’s been convicted of it.” Id. at 12. I see nothing to indicate a jury would not have found the drug quantity beyond a reasonable doubt. In addition, Mr. Buonoeore points to nothing in the record indicating that the district court would reasonably impose a sentence outside the guideline range. I therefore conclude that judicial fact-finding of the precursor quantities did not affect Mr. Buonocore’s substantial rights under the third prong of the plain error test.
Even assuming Mr. Buonoeore could show the sentencing error affected his substantial rights, he has not met his “burden of persuading us that the error seriously affected the fairness, integrity, or public reputation of judicial proceedings,” United States v. Mozee, 405 F.3d 1082, 1091 (10th Cir.2005), thus failing to satisfy the fourth prong of plain error review. In the context of a constitutional Booker error, “the question before us is whether a reversal and remand for resentencing by the district court under a discretionary guidelines regime would advance the fairness, integrity, or public reputation of the courts.” Id. It cannot be said that sentencing a defendant in accordance with a guideline range he conceded was based on a properly calculated amount of pseudoephedrine and ephedrine would undermine the fairness, integrity -or public reputation of the courts. Therefore, while I disagree with the majority’s Sixth Amendment analysis, I would nevertheless affirm.

. It is clear, of course, that a defendant can waive constitutional rights, including the bundle of Sixth Amendment rights referred to as Apprendi rights. Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 2541, 159 L.Ed.2d 403 (2004) ("nothing prevents a defendant from waiving his Apprendi rights ... [i]f appropriate waivers are procured”). Accordingly, a valid waiver of Apprendi rights would allow a sentencing court to make a factual determination that may result in a defendant receiving a sentence beyond the relevant statutory maximum sentence that the guilty plea itself supports. Cf. United States v. Green, 405 F.3d 1180 (10th Cir.2005); United States v. Hahn, 359 F.3d 1315 (10th Cir.2004).